ACCEPTED

# GRIFFITH, JAY, & MICHEL, LLP

ATTORNEYS AT LAW
2200 FOREST PARK BOULEVARD
FORT WORTH, TEXAS 76110-1732
PHONE (817) 926-2500
FAX (817) 926-2505
Website www.lawgjm.com

ROSS P. GRIFFITH
JAMES V. JAY, IV
THOMAS M. MICHEL
KELLY E. DeBERRY
MARK J. PETROCCHI
BILL E. BOWERS
EVAN M. McGUIRE
L. STEPHEN FRANSCINI, V
LAUREN M. LOCKETT

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS
WILLIAM M. MURPHY
5/25/2018 5:07:22 PM
BOURLAND, BOURLAND, P.C.
RICHARD L. BOURLAND
VIVIAN LONG BOURLAND
CLERK

May 25, 2018

## APPELLANT'S POST-SUBMISSION LETTER BRIEF

***VIA E-FILING***
Vivian Long, Clerk
Seventh Court of Appeals
P.O. Box 9540
Amarillo, Texas 79105-9540

> Re: Cause No. 07-17-00394-CV; *Ryann Pedone v. Joshua Nelson Harvey,* In the Seventh Court of Appeals, Amarillo

TO THE HONORABLE COURT OF APPEALS:

During oral argument, counsel for the Appellee cited to the Court the case of *Fusselman v. Fusselman,* No. 09-11-00435-CV, 2016 Tex.App.LEXIS 10413 (Tex.App.—Beaumont September 16, 2013, no pet.)(mem. op.). *Fusselman* is distinguishable from the present case in a number of ways. First, in *Fusselman,* there was a significant dispute whether the parties cohabitated together. In our case, it is undisputed that the parties cohabitated for a number of years together. Second, in *Fusselman,* there was just a brief mention that the parties had filed joint tax returns. Our case is significantly different in the following respects:

1.  It is undisputed that the parties filed tax returns as filing married for the years 2006 through 2013.

2.  It is undisputed that a third party certified public accountant, Clint Brints, prepared and filed joint tax returns on behalf of the parties.

3.  It is undisputed that another third party certified public accountant, Carl Deaton, filed joint tax returns on behalf of the parties.

4.  It is undisputed that a banker entered into a loan transaction to the parties as being married.

5.  It is undisputed and a judicial admission by Josh himself that he had represented to the government for years that he was married to Ryann.

As discussed during oral argument, this was contemporaneous evidence of how the parties held themselves out.

The undisputed evidence of: tax returns, bank documents, financial statements, CPA testimony, banker testimony, and both parties' judicial admissions that they had held out to others that they were husband and wife cannot be disregarded by the trier of fact.

An appellate court conducting a legal sufficiency review cannot "disregard undisputed evidence that allows only one logical inference." *City of Keller v. Wilson,* 168 S.W.3d 802, 814 (Tex. 2005). "By definition, such evidence can be viewed in only one light, and reasonable jurors can reach only one conclusion from it. Jurors are not free to reach a verdict contrary to such evidence, indeed,

uncontroverted issues need not be submitted to a jury at all." *Id.* Not all evidence is the same. In this case, the trier of fact was not free to disregard this conclusive evidence. Most often undisputed contrary evidence becomes conclusive (and thus cannot be disregarded) when it concerns physical facts that cannot be denied. *City of Keller,* 168 S.W.3d at 815. For example, evidence that a buyer believed that a product had been repaired is conclusively negated by an accompanying letter to the contrary. *Id.; PPG Industries, Inc. v. JBM/Houston Ctrs Partners, Ltd. P'ship.,* 146 S.W.3d 79, 97-98 (Tex. 2004). In this case, the contemporaneous testimony of uninterested witnesses supported by uncontradicted documents as well as Josh's own sworn testimony and admission cannot be ignored.

As such, the *Fusselman* case does not alter the consideration at issue in this case. This Court should reverse and render that an informal marriage was established as a matter of law. In the alternative, the Court should find that the findings were against the great weight and preponderance of the evidence and manifestly unjust and should reverse and remand to the trial court for a new trial.

Appellee also cited the case of *Lujan v. Navistar, Inc.,* 2018 Tex.LEXIS 347 (Tex. 2018) for the proposition that sham affidavits are not evidence and cannot defeat a motion for summary judgment if the affidavit directly contradicts, without explanation, previous testimony. The Supreme Court reasoned that allowing

manufactured affidavits to defeat summary judgment would thwart the very objective of summary judgment that there is no real and genuine issue from those that are formal or pretended. *Id.* at \*10. In this case, Josh's attempt to contradict his sworn deposition testimony that he had read the tax returns, understood them, signed them, and represented to the Federal Government for years that he was married to Ryann is a sham in order to avoid a finding of common law marriage.

Respectfully submitted,

/s/ Thomas M. Michel
Thomas M. Michel
State Bar No. 14009480
GRIFFITH, JAY & MICHEL, LLP
2200 Forest Park Blvd.
Fort Worth, Texas 76110
(817) 926-2500 (Telephone)
(817) 926-2505 (Facsimile)
Thomasm@lawgjm.com
ATTORNEY FOR APPELLANT

TMM/kdw
cc:   Paul Leopold  (Via E-Service paul@koonsfull.com
      Sean Patrick Abeyta (Via E-Service sean@koonsfuller.com)